**UNITED STATES BANKRUPTCY COURT**
**District of New Jersey**

| | |
|---|---|
| IN RE: Albert S Small, Jr.<br>Ann S Small<br>Debtor(s) | Case No.: 17-27969<br>Judge: Sherwood |

## CHAPTER 13 PLAN AND MOTIONS

☐ Original                    ☑ Modified/Notice Required            Date: 9/1/2017
☐ Motions Included      ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS WILL BE AFFECTED.**
You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

### Part 1: Payment and Length of Plan

a. The debtor shall pay __800.00 Monthly__ to the Chapter 13 Trustee, starting on __October 2017__ for approximately __60__ months.

b. The debtor shall make plan payments to the Trustee from the following sources:
   ☑ Future Earnings
   ☐ Other sources of funding (describe source, amount and date when funds are available):

1

    c. Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion: _____

- ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____

- ☐ Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection ☑ NONE

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3: Priority Claims (including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Michelle Labayen 2960 | Attorney Fees | 2,000.00 |
| Internal Revenue Service | Taxes and certain other debts | 28,000.00 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
☑ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

## Part 4: Secured Claims

a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

| Ditech Financial LLC | 26 Valley Street Newark NJ | $2119.60 | 0 | $2119.60 | 1820.84 |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| -NONE- | | | | | |

### c. Secured claims excluded from 11 U.S.C. 506: ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| -NONE- | | | | |

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☑ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

### e. Surrender ☑ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| -NONE- | | | |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

**f. Secured Claims Unaffected by the Plan** ☐ NONE

The following secured claims are unaffected by the Plan:

| Creditor |
|---|
| Ditech |

**g. Secured Claims to be Paid in Full Through the Plan** ☑ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| -NONE- | | |

## Part 5: Unsecured Claims ☑ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $____ to be distributed *pro rata*

☐ Not less than ____ percent

☑ *Pro Rata* distribution from any remaining funds

b. **Separately Classified Unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| -NONE- | | | |

## Part 6: Executory Contracts and Unexpired Leases ☑ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| -NONE- | | | | |

## Part 7: Motions ☑ NONE

NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. *A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured. ☑ NONE  The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above: | | | | | | | |

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| -NONE- | | | | | | |

c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured. ☑ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| -NONE- | | | | | |

### Part 8: Other Plan Provisions

a. Vesting of Property of the Estate
   ☐ Upon Confirmation
   ☑ Upon Discharge

b. Payment Notices
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:
   1) Ch. 13 Standing Trustee Commissions
   2) Other Administrative Claims
   3) Secured Claims
   4) Lease Arrearages
   5) Priority Claims
   6) General Unsecured Claims

d. Post-petition claims

The Standing Trustee ☐ is, ☑ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

## Part 9: Modification ☑ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified:

| Explain below why the plan is being modified: | Explain below how the plan is being modified: |
|---|---|
| | |

Are Schedules I and J being filed simultaneously with this modified Plan?    ☐ Yes    ☑ No

## Part 10: Non-Standard Provision(s) - Signatures Required

Non-Standard Provisions Requiring Separate Signatures
☑ NONE
☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date    October 23, 2017           /s/ Michelle Labayen
                                   Michelle Labayen 2960
                                   Attorney for the Debtor
Date:   October 23, 2017           /s/ Albert S Small, Jr.
                                   Albert S Small, Jr.
                                   Debtor

Date:   October 23, 2017           /s/ Ann S Small
                                   Ann S Small
                                   Joint Debtor

## Signatures

The Debtor(s) and the attorney for the Debtor(s) if any, must sign this Plan.

Date    October 23, 2017           /s/ Michelle Labayen
                                   Michelle Labayen 2960
                                   Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date:   October 23 2017            /s/ Albert S Small, Jr.
                                   Albert S Small, Jr.
                                   Debtor

Date:   October 23 2017            /s/ Ann S Small
                                   Ann S Small
                                   Joint Debtor

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

United States Bankruptcy Court
District of New Jersey

In re:                                                                  Case No. 17-27969-JKS
Albert S Small, Jr.                                                     Chapter 13
Ann S Small
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0312-2          User: admin                Page 1 of 2              Date Rcvd: Oct 27, 2017
                              Form ID: pdf901            Total Noticed: 30

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 29, 2017.
db/jdb         +Albert S Small, Jr.,    Ann S Small,    26 Valley Street,    Newark, NJ 07106-2609
517047967      +Amex,    Po Box 297871,    Fort Lauderdale, FL 33329-7871
517047969     #+Bank Of America,    Nc4-105-03-14,    Po Box 26012,    Greensboro, NC 27420-6012
517047971     ++CAPITAL ONE,    PO BOX 30285,    SALT LAKE CITY UT 84130-0285
                (address filed with court: Capital One Bank Usa N,     15000 Capital One Dr,
                  Richmond, VA 23238)
517047970      +Capital One,    Po Box 30285,    Salt Lake City, UT 84130-0285
517047972      +Chase Card,    Po Box 15298,    Wilmington, DE 19850-5298
517047973      +Chase Card Services,    Correspondence Dept,    Po Box 15278,    Wilmington, DE 19850-5278
517047975      +Citibank,    Citicorp Credit Srvs/Centralized Bankrup,    Po Box 790040,
                  Saint Louis, MO 63179-0040
517047976      +Citibank / Sears,    Citicorp Credit Services/Attn: Centraliz,    Po Box 790040,
                  Saint Louis, MO 63179-0040
517047982      +EZ Pass,    375 McCArter Higheway,    Newark, NJ 07114-2563
517047979      +Equifax,    POB 740241,    Atlanta, GA 30374-0241
517047980      +Experian,    475 Anton Blvd,    Costa Mesa, CA 92626-7037
517047981      +Exxmblciti,    Po Box 6497,    Sioux Falls, SD 57117-6497
517047984      +New Jersey Gross Income Tax,    P.O Box 046,    Trenton, NJ 08646-0046
517047986      +Thd/cbna,    Po Box 6497,    Sioux Falls, SD 57117-6497
517047988      +Verizon,    PO BOX 4003,    Acworth, GA 30101-9004
517047989       Wells Fargo,    Credit Bureau Dispute Resoluti,    Des Moines, IA 50306
517047987      +transunion,    POB 2000,    Crum Lynne, PA 19022-2000

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Oct 27 2017 23:27:03      U.S. Attorney,    970 Broad St.,
                  Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Oct 27 2017 23:27:00      United States Trustee,
                  Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
                  Newark, NJ 07102-5235
cr             +E-mail/PDF: gecsedi@recoverycorp.com Oct 27 2017 23:29:01
                  Synchrony Bank c/o PRA Receivables Management, LLC,    Valerie Smith,    PO BOX 41021,
                  Norfolk, VA 23541-1021
517047968      +E-mail/Text: g20956@att.com Oct 27 2017 23:27:43      AT&T,    P.O Box 537104,
                  Atlanta, GA 30353-7104
517047974      +Fax: 602-659-2196 Oct 27 2017 23:56:17      Chex System,    7805 Hudson Road,   suite 100,
                  Saint Paul, MN 55125-1703
517064411       E-mail/Text: mrdiscen@discover.com Oct 27 2017 23:26:22      Discover Bank,
                  Discover Products Inc,    PO Box 3025,    New Albany, OH  43054-3025
517047977      +E-mail/Text: mrdiscen@discover.com Oct 27 2017 23:26:22      Discover Fin Svcs Llc,
                  Po Box 15316,    Wilmington, DE 19850-5316
517047978      +E-mail/Text: bankruptcy.bnc@ditech.com Oct 27 2017 23:26:48      Ditech,   Attn: Bankruptcy,
                  Po Box 6172,    Rapid City, SD 57709-6172
517143539       E-mail/Text: bankruptcy.bnc@ditech.com Oct 27 2017 23:26:48
                  Ditech Financial LLC fka Green Tree Servicing LLC,    P.O. Box 6154,
                  Rapid City, South Dakota 57709-6154
517047983       E-mail/Text: cio.bncmail@irs.gov Oct 27 2017 23:26:34      Internal Revenue Service,
                  P.O. Box 7346,    Philadelphia, PA  19101-7346
517047985      +E-mail/PDF: gecsedi@recoverycorp.com Oct 27 2017 23:29:01      Syncb/bp,    Po Box 965024,
                  Orlando, FL 32896-5024
517049168      +E-mail/PDF: gecsedi@recoverycorp.com Oct 27 2017 23:28:34      Synchrony Bank,
                  c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                               TOTAL: 12

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

```
District/off: 0312-2          User: admin              Page 2 of 2             Date Rcvd: Oct 27, 2017
                              Form ID: pdf901          Total Noticed: 30
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 29, 2017                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 24, 2017 at the address(es) listed below:
              Denise E. Carlon    on behalf of Creditor    Ditech Financial LLC dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Marie-Ann Greenberg     magecf@magtrustee.com
              Michelle Labayen    on behalf of Joint Debtor Ann S Small njchapter7@gmail.com,
               benitezgiovanna@gmail.com
              Michelle Labayen    on behalf of Debtor Albert S Small, Jr. njchapter7@gmail.com,
               benitezgiovanna@gmail.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 5
```